**Robert E. SALLIE, Plaintiff–Appellant,**

v.

**Jeffrey R. THIEL, Defendant–Appellee.**

No. 02–1882.

United States Court of Appeals, Seventh Circuit.

Submitted March 11, 2003.*

Decided March 12, 2003.

Before EASTERBROOK, ROVNER, and EVANS, Circuit Judges.

ORDER

Robert Sallie, formerly a pretrial detainee in the Dane County Jail, filed suit under 42 U.S.C. § 1983, alleging that Deputy Sheriff Jeffrey Thiel used excessive force when he closed a feed slot door on Sallie's finger, severing the fingertip. The case went to trial, and a jury found that Thiel had not used excessive force. Sallie now appeals the district court's denial of his motion for a new trial. But because Sallie has failed to provide us with trial transcripts, we must dismiss his appeal. *See* Federal Rule of Appellate Procedure 10(b)(2).

This is the second time this case has been before us. In the first appeal, we reversed the grant of summary judgment

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

because the record contained conflicting evidence about Thiel's awareness and intent at the time he injured Sallie. *Sallie v. Thiel,* No. 01–1116, 2001 WL 1563921, 23 Fed.Appx. 586 (7th Cir. Dec. 4, 2001) (unpublished order).

After a trial was held and the jury delivered its verdict in favor of Thiel, Sallie moved for a new trial under Federal Rule of Civil Procedure 59, on grounds that Thiel had perjured himself (and thus the verdict was not supported by the evidence) and that the court abused its discretion in excluding from evidence certain exhibits he proffered at trial. The district court denied the motion, and Sallie appealed.

Sallie now argues that the district court should have granted him a new trial because the jury failed to follow the court's instructions to ignore perjured testimony. Sallie contends that his cross-examination of Thiel demonstrated Thiel's perjury, yet the jury nevertheless went on to credit Thiel's version of events. Absent evidence to the contrary, we presume that juries follow instructions. *3M v. Pribyl,* 259 F.3d 587, 600 (7th Cir.2001). Moreover, we cannot meaningfully review Sallie's argument that the jury did not follow instructions because, without a trial transcript, we cannot verify Sallie's claim that he conclusively established that Thiel committed perjury. *See LaFollette v. Savage,* 63 F.3d 540, 544 (7th Cir.1995).

We are likewise unable to review Sallie's argument that the court erred in not admitting his proffered exhibits because we have neither written orders nor transcripts of the court's rulings excluding the exhibits. Without a transcript, we can neither determine whether the court abused its discretion nor verify that Sallie preserved his evidentiary arguments by properly objecting at trial. *See Richardson v. Henry,* 902 F.2d 414, 416 (5th Cir.1990).

The appellant is responsible for making sure that the appellate record contains everything needed for meaningful review. *Birchler v. Gehl Co.,* 88 F.3d 518, 519–20 (7th Cir.1996). We may dismiss an appeal when the appellant fails to provide relevant portions of the record, even when the appellant, like Sallie, is proceeding *pro se. Woods v. Thieret,* 5 F.3d 244, 245–46 (7th Cir.1993). Sallie did send a request for a copy of the trial transcript to the court clerk, who informed him that he would have to pre-pay for the transcript. But he never paid to have the transcript prepared nor did he move under 28 U.S.C. § 753(f) to have the transcripts prepared at no cost. Accordingly, we DISMISS Sallie's appeal.