Scott BIRCHLER and Sandy Birchler,
Plaintiffs–Appellants,

v.

GEHL COMPANY, Defendant–Appellee.

No. 95–3201.

United States Court of Appeals,
Seventh Circuit.

Argued May 15, 1996.

Decided July 15, 1996.

John P. Womick, Womick & Associates, Carbondale, IL, Gene A. Turk, Jr. (argued), Carbondale, IL, for Plaintiffs-Appellants.

Peter VonGontard, John E. Galvin (argued), David T. Dolan, Sandberg, Phoenix & Von Gontard, St. Louis, MO, for Defendant-Appellee.

Before CUDAHY, COFFEY, and FLAUM, Circuit Judges.

CUDAHY, Circuit Judge.

Mr. Birchler was injured in an accident involving the Gehlbale 1500, a hay baler manufactured by the Gehl Company. Mr. Birchler and his wife sued Gehl for damages resulting from the accident. During the trial the Birchlers requested a jury instruction on a continuing duty to warn, alleging that Gehl became aware of the hazards of the Gehlbale 1500 between the time of their purchase and the time of the accident. The request was denied and the jury found no negligence on the part of Gehl. The Birchlers appeal the

failure of the District Court to provide their requested jury instruction. We affirm.

## Background

Mr. Birchler bought a Gehlbale 1500A in June 1977. The Gehlbale 1500A is a hay baler which was manufactured by the Gehl Company. Mr. Birchler was seriously injured in an accident which occurred while he was working with his Gehlbale 1500A on August 12, 1990. The accident occurred when Mr. Birchler was feeding scraps of hay into the baler by hand. He alleges that the accident resulted from the fact that the baler takes in hay faster than the operator can release it.

Mr. Birchler and his wife sued Gehl under multiple negligence theories. One of the Birchlers' theories was that Gehl breached a continuing duty to warn the Birchlers of any hazards of which Gehl became aware after the manufacture and sale of the baler. The Birchlers claimed that Gehl knew about three other accidents similar to Mr. Birchler's and that Gehl was obligated to warn them of the supposed risk of injury.

The case was tried before a jury from June 5 to June 15, 1995. During the trial the Birchlers requested and were denied a jury instruction on continuing duty to warn. The jury returned a verdict in favor of Gehl. The District Court denied the Birchlers' subsequent motion for a new trial based on the denial of the instruction. The Birchlers appeal these rulings. Gehl has moved to dismiss the appeal for lack of compliance with Rule 10 of the Federal Rules of Appellate Procedure.

## Discussion

A. Rule 10(b)

First we must address Gehl's motion to dismiss the appeal. Gehl claims that the Birchlers violated Rules 10(b)(1) and 10(b)(3) of the Federal Rules of Appellate Procedure. Rule 10(b)(1) requires an appellant to order for inclusion in the Record on Appeal any transcripts of the District Court proceedings necessary for a meaningful review by the Appellate Court. Fed. R. App. P. 10(b)(1). Rule 10(b)(3) requires an appellant who has

not filed a complete transcript of the trial pursuant to Rule 10(b)(1) to file a statement of the issues the appellant intends to present on appeal and to serve it on the appellee. Fed. R.App. P. 10(b)(3). Further, we have held that "an appellate court has no alternative but to dismiss an appeal if the absence of the transcript precludes meaningful review". *Fisher v. Krajewski,* 873 F.2d 1057, 1061 (7th Cir.1989). We find in this case that the Birchlers failed to comply with Rules 10(b)(1) and 10(b)(3) of the Federal Rules of Appellate Procedure, but that we are not precluded from meaningful review by their failure and may decide their appeal on its merits.

■ Although the Birchlers claim that they attempted to comply with Rule 10(b)(1) by ordering "the complete transcripts of the Record on Appeal," Appellant's Response to Appellee's Motion to Dismiss at 1, we do not know what they mean by this. Rule 10(b)(1) requires that a transcript of the *trial* be ordered for inclusion in the Record on Appeal. Regardless of what the Birchlers meant by their statement, it is uncontroverted that the full transcript was not included in the Record on Appeal. In fact, only the testimony of Mr. Birchler's treating physician, one expert witness and a portion of Mr. Birchler's own testimony was included in the Record on Appeal. Clearly the Birchlers did not fully comply with Rule 10(b)(1).

■ The Birchlers did, however, have the alternative of complying with Rule 10(b)(3). Unfortunately, the Birchlers neither filed a statement of the issues they intended to raise on appeal, nor did they serve Gehl with such a statement. This process would have given Gehl notice that the Birchlers were filing a partial transcript and would have enabled Gehl to order any additional transcripts it felt were necessary to dispute the issues being appealed. While the Birchlers claimed that the appellee had a duty to file and serve additional parts of the transcript that would be necessary, this is an erroneous reading of Rule 10(b)(3). Rule 10(b)(3) requires the *appellant* to file and serve the issues on appeal to alert the appellee that it may wish to supplement the partial transcript that the appellant will be submitting.

Despite our finding that the appellants violated Rule 10(b), we may decide this case on its merits. Had we found that Illinois law favored the appellants, we would not have been able to decide the appeal. The record would not be adequate for an application of law to the specific facts of this case. However, we have determined as a matter of law that there is no continuing duty to warn in Illinois. Since the general principle is adverse to the appellants, there is no need to consider the specific facts of their case. The absence of much of the transcript, therefore, does not preclude meaningful review.

## B. Continuing Duty to Warn

■ We will now explore in greater depth the question whether the trial court erred in refusing to instruct the jury that a manufacturer has a continuing duty to warn. Since this case has been brought under the diversity jurisdiction, the choice of law rules of the forum state, Illinois, determine the applicable substantive law. *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941). Illinois' rules provide that the substantive law of the state where the injury occurred will govern unless another state's relationship to the occurrence or parties is more significant. *Pittway Corp. v. Lockheed Aircraft Corp.,* 641 F.2d 524, 526 (7th Cir.1981). Since the accident occurred in Illinois and there is no other state with a more significant relationship to this case, Illinois law is appropriately applied.

■ The Birchlers allege that Gehl knew of accidents similar to Mr. Birchler's which happened while using the same Gehl hay baler, Gehlbale 1500A. They further contend that Gehl was negligent in failing to warn the Birchlers of the potential hazard. The foundation of their argument is the contention that there is a continuing duty to warn when there is a disparity of knowledge of risk as between the manufacturer and the owner. Appellant's Brief at 12. Therefore, the Birchlers argue, the District Court erred in failing to give a jury instruction without first evaluating the parties' respective levels of knowledge.

The Birchlers base their argument solely on *Seegers Grain Co., Inc. v. United States Steel Corp.*, 218 Ill.App.3d 357, 160 Ill.Dec. 793, 577 N.E.2d 1364 (1 Dist.1991). However, the law in Illinois is generally that there is no continuing duty to warn after a product has been manufactured and sold. *See Carrizales v. Rheem Mfg. Co.*, 226 Ill.App.3d 20, 168 Ill.Dec. 169, 179, 589 N.E.2d 569, 579 (1 Dist.1991); *Kempes v. Dunlop Tire and Rubber Corp.*, 192 Ill.App.3d 209, 139 Ill.Dec. 259, 264, 548 N.E.2d 644, 649 (1 Dist.1989); *Collins v. Hyster Co.*, 174 Ill.App.3d 972, 124 Ill.Dec. 483, 486, 529 N.E.2d 303, 306 (3 Dist.1988). As a federal court applying state law, we must decline the appellant's suggestion that we extend the duty to warn beyond the special circumstances of the *Seegers* case.

The facts of *Seegers* distinguish it from the present case. *Seegers* involved a grain storage tank explosion which occurred because the steel which U.S. Steel sold to Seegers for construction of the tank was unable to withstand the cold winter temperatures of Illinois. A precisely similar accident occurred one month before the Seegers accident involving another grain storage tank only 175 miles away, yet U.S. Steel failed to warn Seegers of the danger. The Illinois appellate court found that a potential claim for duty to warn against U.S. Steel did exist. First, the court noted the steel sale was not a typical retail sale of a product to the general public. Rather, U.S. Steel had a relationship with Seegers such that U.S. Steel knew exactly how the steel was going to be used. Second, the court noted that the Kokomo, Indiana, accident, which should have prompted U.S. Steel to warn Seegers of the risk, occurred less than a month after the construction of Seegers' grain storage tank. Finally, and it appears most importantly, the court held that U.S. Steel had reason to know—indeed should have known—of the inappropriateness of the steel for Seegers' use, *prior* to the sale.

The present facts simply do not parallel those of *Seegers*. Gehl had no personal relationship with the Birchlers such that Gehl might have been aware of the specific circumstances under which the product was being used. On the contrary, the case at hand deals with "an over-the-counter sale of a generic product for use by an unknown consumer," id. at 802–03, 160 Ill.Dec. 793, 577 N.E.2d 1364, exactly the type of sale distinguished by the *Seegers* court. Also, the three accidents, which the appellants claim should have led Gehl to warn them of a risk, occurred years after the Birchlers purchased the baler. Finally, there was no finding that Gehl should have known ahead of time of the risks of such an accident.

 The well established and generally accepted law in Illinois is that manufacturers do not have a continuing duty to warn. Thus, *Seegers* is undoubtedly an exception. Whether it is the beginning of a new trend or merely an anomaly is unclear. In adjudicating state law claims, it is our role as a federal appellate court to decide the case as we believe the highest state court would. *L.S. Heath & Son, Inc. v. A T & T Information Systems, Inc.*, 9 F.3d 561, 574 (7th Cir.1993). When we are faced with opposing plausible interpretations of state law, we generally choose the narrower interpretation which restricts liability, rather than the more expansive interpretation which creates substantially more liability. *Todd v. Societe Bic, S.A.*, 21 F.3d 1402, 1412 (7th Cir.1994). We avoid speculation about trends in diversity cases: "our policy will continue to be one that requires plaintiffs desirous of succeeding on novel state law claims to present those claims initially in state court." *Shaw v. Republic Drill Corp.*, 810 F.2d 149, 150 (7th Cir.1987).

 In light of the weight of case law refusing to recognize a continuing duty to warn, we do not believe that the Illinois Supreme Court would impose a continuing duty to warn in this case. The standard of review we employ in reviewing denials of jury instructions is whether the jury was misled or its understanding of the issues seriously affected to the prejudice of the appellant. *Estate of Carey v. Hy–Temp Mfg. Inc.*, 929 F.2d 1229, 1232 (7th Cir.1991). Here the jury was not misled because Illinois does not impose a continuing duty to warn after manufacture and sale in cases of this sort. Since we find the denial of jury instructions proper, the District Court properly denied the Birchlers' motion for a new

trial based on the allegedly erroneous jury instructions. For these reasons, we

AFFIRM.