111 F.3d 134
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Yavarace YOUNG, M.D., Plaintiff-Appellant
v.
STATE OF ILLINOIS et al., Defendants-Appellees.
 No. 96-1958.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 1, 1997.*
Decided April 7, 1997.
 
 Before POSNER, Chief Judge, and KANNE and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 The Illinois Department of Professional Discipline began an investigation into the billing practices of Dr. Yavarace Young. Dr. Young, an Asian-American woman, responded by filing suit, pro se, in federal court against the State of Illinois, two state agencies, and various officials,[1] claiming that the investigation discriminated against her on the basis of her gender and ethnic origin. She sought both damages and injunctive relief. The district court construed Young's complaint as a suit under 28 U.S.C. § 1983. The court denied the request for injunctive relief, and dismissed the claims for monetary relief as barred by the Eleventh Amendment. We affirm.
 
 
 2
 Young's principal argument is that the Eleventh Amendment does not bar her suit. She does not deny that she sued the state, its agencies, and various individuals in their official capacities. Rather, she contends that the district court erred in dismissing her claims on Eleventh Amendment grounds because she filed the complaint under the Fourteenth Amendment, and the defendants never objected to suit on that basis. First, there is no direct cause of action under the Fourteenth Amendment; litigants must proceed under § 1983. Baxter v. Vigo Cty. School Corp., 26 F.3d 728, 732 n. 3 (7th Cir.1994). Moreover, Young misapprehends the nature and seriousness of the "unavoidable jurisdictional hurdle" which the doctrine of state sovereign immunity enshrined in the Eleventh Amendment raises against her suit. Crosetto v. State Bar of Wisconsin, 12 F.3d 1396, 1400 (7th Cir.1993).
 
 
 3
 Federal courts lack subject-matter jurisdiction over suits by a citizen against her own state, its agencies, or state officials acting in their official capacities. Atascadero State Hospital v. Scanlon, 473 U.S. 234, 238 (1983); Crosetto, 12 F.3d at 1400-01. A state may waive its sovereign immunity only by state statute, a state constitutional provision, or by state officials with specific authority to waive such immunity. Estate of Porter v. Illinois, 36 F.3d 684, 690 (7th Cir.1994) (citations omitted). Illinois has not waived its sovereign immunity, and none of the officials whom Young sued have the authority to do so. 745 ILCS § 5/1; see also People v. Patrick J. Gorman Consultants, Inc., 444 N.E.2d 776, 778 (Ill.Ct.App.1982) (citations omitted); Seifert v. Standard Paving Co., 355 N.E.2d 537, 538-39 (Ill.1976). And while Congress may abrogate state immunity under the Eleventh Amendment if it clearly expresses its intent to do so, "[a] general authorization for suit in federal court," the Supreme Court teaches, "is not the kind of unequivocal statutory language sufficient to abrogate the Eleventh Amendment." Atascadero, 473 U.S. at 243. Therefore, the Eleventh Amendment bars § 1983 actions against a state, state agency, and state officials acting in their official capacities. Baxter, 26 F.3d at 731. Moreover, even if the defendants never raise the issue of sovereign immunity, it is so fundamental to federal jurisdiction that courts may raise it of their own accord. Crosetto, 12 F.3d at 1402 n. 10. Consequently, the defendants are immune from suits like Young's, and the district court correctly dismissed her claims for monetary relief.
 
 
 4
 The Eleventh Amendment, of course, does not bar Young's request for an injunction to halt the investigation against her. The district court concluded, however, that Young was unlikely to succeed on the merits because she had presented no evidence supporting her claim of discrimination, and that she had an adequate remedy at law under the Illinois Medical Practice Act. 225 ILCS § 60. Accordingly, the court refused to issue a preliminary injunction. See Stork USA L.P. v. Farley Candy Co., 14 F.3d 311, 314 (7th Cir.1994). We review the district court's decision to deny a preliminary injunction for abuse of discretion; its conclusions of law de novo; and its findings of facts for clear error. Aircraft Owners & Pilots Assoc. v. Illinois, 102 F.3d 1421, 1424 (7th Cir.1996).
 
 
 5
 Young first argues that the hearing before the district court was procedurally improper because the defendants were permitted to introduce surprise witnesses and evidence. Our review of this issue, however, is frustrated by Young's failure to provide a transcript of the hearing at which the court denied the injunction. Fed.R.App.P. 10(b)(2). Young insists that because she properly served defendants with a copy of the statement of issues she intended to present on appeal, and they raised no objection to that statement, there was no need to provide a transcript. Fed.R.App.P. 10(b)(3). We disagree. Rule 10(b)(2) mandates that "[i]f the appellant intends to urge on appeal that a finding or conclusion is ... contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion" (emphasis added); see also LaFollette v. Savage, 63 F.3d 540, 544 (7th Cir.1995). Young declined to order even a partial transcript "because the hearing and proceedings were prejudice[d]."[2] But without the transcript, it is impossible for us to determine whether the hearing was conducted fairly or not. Just because defendants did not object to Young's statement of issues under Rule 10(b)(3) does not mean that we can accept her uncorroborated word that the hearing was flawed. The appellees have no duty to supplement the record on the appellant's behalf. Birchler v. Gehl Co., 88 F.3d 518, 520 (7th Cir.1996). Consequently, we find that Young has violated Rule 10(b), and dismiss the appeal to the extent that she seeks a remand on procedural grounds.
 
 
 6
 Young also contends that the district court should have ruled that the evidence she presented at the hearing showed a likelihood of success on the merits. But there is simply nothing in the record which supports her contention that bias motivated the State's investigation against her. Conclusory allegations of bias based only on a plaintiff's own perceptions are insufficient. See Minority Police Officers Ass'n of South Bend v. City of South Bend, 801 F.2d 964, 967 (7th Cir.1986). At most, Young has alleged procedural irregularities in the investigation, for which (as the district court noted) the Illinois Medical Practice Act provides an adequate remedy at law. 225 ILCS § 60/41. Accordingly, the district court correctly denied the injunction.
 
 
 7
 Finally, Young complains that after the district court issued its decision, defendants indefinitely suspended her medical license. She seeks to have this action undone, apparently on the theory that if we reverse the denial of a preliminary injunction, we will also undo all acts which the injunction would have prohibited had it been granted. Nothing in the record, however, suggests that Young has pursued the avenues for administrative and judicial review of license suspensions provided under the Illinois Medical Practice Act. 225 ILCS § 60/41; see also Rios v. Jones, 323 N.E.2d 380, 387 (Ill.App.Ct.1974) (Medical Practice Act requires exhaustion of administrative remedies). Because Young has neither exhausted her administrative remedies nor demonstrated that her case meets one of the exceptions to the exhaustion doctrine, McCarthy v. Madigan, 503 U.S. 140, 144-48 (1992), we dismiss her claim.
 
 
 8
 AFFIRMED in part, DISMISSED in part.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Therefore, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 In addition to the State of Illinois, Young sued the Illinois Department of Professional Regulation, its Director Nikki M. Zolar, the Illinois Medical Disciplinary Board, Chief of Medical Investigations William B. Shlifka, Medical Coordinator Robert J. Schafer, Investigator Steven Wagy, and Illinois State Police Officer Dave Walker
 
 
 [2]
 Young, who submitted lengthy appendices including several documents never submitted to the district court, appears to misunderstand the nature of our appellate review. While we examine the record as a whole to determine whether the district court has abused its discretion, we do not provide litigants with a new hearing on the evidence: we review what the district court has done