In re Kathy FROEHLICH, Debtor.

Appeal of: Francis A. Rittenhouse.

No. 01–2078.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 20, 2001.*

Decided Nov. 26, 2001.

---

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before COFFEY, KANNE and DIANE P. WOOD, Circuit Judges.

## ORDER

Francis A. Rittenhouse, a non-lawyer specializing as a Wisconsin bankruptcy petition "preparer," appeals the district court's judgment upholding a bankruptcy court's reduction of the fees he charged three debtor-clients. We affirm.

Bankruptcy petition preparers are paid to prepare documents for their clients' bankruptcy filings. *See* 11 U.S.C. § 110(a)(1) and (2). In Wisconsin as in many states, bankruptcy petition preparers like Rittenhouse, who are not licensed to practice law may not offer legal advice in connection with bankruptcy filings. *See* Wis. Stat. § 757.30; 11 U.S.C. § 110(k). Rittenhouse's work consists primarily of gathering information from clients and typing it onto bankruptcy forms and schedules. He also has an arrangement with an out-of-town attorney, who reviews the filings that Rittenhouse prepares and is available to answer questions from Rittenhouse's clients (via a toll-free number). The attorney does not charge Rittenhouse or Rittenhouse's clients for his legal services.

In order to protect creditors and debtors from the inflated fees sometimes charged by petition preparers, Congress enacted 11 U.S.C. § 110(h)(2), which re-quires bankruptcy courts to "disallow and order the immediate turnover to the bankruptcy trustee of any fee [charged by the bankruptcy petition preparer] . . . found to be in excess of the value of services rendered for the documents prepared." Pursuant to this provision, a United States Chapter 7 Trustee filed a motion asking the bankruptcy court to reduce Rittenhouse's regular fee of $299 for each of three cases because that fee exceeded the value of services Rittenhouse provided his clients. At a hearing on the motion, the Trustee testified that the reasonable hourly rate for services provided by Rittenhouse was $25. Rittenhouse admitted that it took him only three hours to prepare each client's petitions and schedules, but asserted that the value of his services exceeded $25 an hour because of the attorney's involvement. The bankruptcy court disagreed, finding that Rittenhouse "basically fills in blanks" and that "any attorney review is free, so there can be no charge for that." The bankruptcy court accordingly determined that Rittenhouse should receive $75 per case (3 hours at $25/hour). The district court affirmed this determination.

On appeal Rittenhouse renews his contention that a $25 hourly rate does not adequately compensate him for his operating expenses and the arrangement giving his clients "total access" to legal advice. Fee awards and reductions are reviewed for an abuse of discretion, *see In re Bond,* 254 F.3d 669, 676 (7th Cir.2001) (attorney fees); *In re Agyekum,* 225 B.R. 695, 697 (9th Cir.BAP 1998) (petition preparer fees), meaning that in this case "the relevant inquiry is . . . whether any reasonable person could agree with the [bankruptcy] court" that Rittenhouse's services were worth $25 an hour, *In re*

*Hewlett E. Morris,* 223 F.3d 548, 554 (7th Cir.2000) (quoting *Deitchman v. E.R. Squibb & Sons, Inc.,* 740 F.2d 556, 563 (7th Cir.1984)). Furthermore, the person seeking fees has the burden of establishing that he or she is entitled to them once a question regarding their reasonableness has been raised. *In the Matter of Geraci,* 138 F.3d 314, 318 (7th Cir.1998).

■ Rittenhouse points to no legal or factual grounds that would satisfy this burden. He cites only one tangentially relevant case, *Patton v. Scholl,* No. 98–5729, 1999 WL 431095, 1999 U.S. Dist. LEXIS 9607, at *2 (E.D. Penn. June 25, 1999) (unpublished order), which dealt with a petition preparer who had engaged in the "unauthorized practice of law." His factual allegations regarding operating requirements, such as advertising and an office lease, are unsupported by the record. Indeed, Rittenhouse's failure to include a transcript of the bankruptcy court hearing in the record as Fed R.App. P. 10(b)(2) requires has left us without any factual basis from which we could even meaningfully review the issues he raises, *Birchler v. Gehl Co.,* 88 F.3d 518, 520 (7th Cir.1996). AFFIRM.