**In re Larry HENNINGS and Marisa Hennings. Debtors.**

**Larry Hennings and Marisa Hennings Appellants.**

v.

**Roger W. Stone, Chapter 11 Trustee for Hennings Feed and Crop Care, Inc., Van Diest Supply Company, and United Suppliers, Inc., Appellees.**

Nos. 02–1302, 02–1303, 02–1304.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 12, 2002.

Decided Feb. 14, 2003.

278

Before RIPPLE, ROVNER, and WILLIAMS, Circuit Judges.

## ORDER

This appeal arises out of a bankruptcy petition by Larry and Marissa Hennings, husband and wife. The Hennings owned an agricultural feed and crop care business, which they incorporated, although they also personally guaranteed the lines of credit issued to the corporation by Van Diest Supply Company and United Suppliers, Inc. Creditors Van Diest, United Suppliers, and the Chapter 11 Bankruptcy Trustee each filed a proceeding seeking to have its claim declared non-dischargeable and to deny the debtors a discharge in bankruptcy. The bankruptcy court entered judgment in favor of those creditors on all counts, and the district court affirmed that decision on appeal.

The facts underlying this case have been set forth in great detail in two prior decisions—one by the bankruptcy court and one on appeal from that court to the district court. We attach the district court order to this order, and therefore will not repeat those facts.

On appeal, the Hennings raise a number of challenges to the bankruptcy court's determination. First, they argue that the district court erred in refusing to approve the stipulation for settlement. They contend that the court, in refusing to enter the settlement, made no findings and gave no valid reasons for denying it. The bankruptcy court held a hearing concerning the settlement stipulation, but the transcript of that proceeding is absent from the record on appeal. Although the district court noted that absence, the debtors still have made no effort to include the transcript in the record. "'[A]n appellate court has no alternative but to dismiss an appeal if the absence of the transcript precludes meaningful review.'" *Birchler v. Gehl Co.*, 88 F.3d 518, 520 (7th Cir.1996), *quoting Fisher v. Krajewski*, 873 F.2d 1057, 1061 (7th Cir. 1989). This is undoubtedly such a case. The written order fails to reveal the basis for the bankruptcy court's decision, and absent the transcript we simply cannot evaluate the debtors' claim that the court gave no valid reason for denying the settlement.

The remaining claims by the debtors were all thoroughly addressed and properly rejected by the district court, and we affirm the decision of the bankruptcy court for the reasons set forth in the district court's order of December 21, 2001. We note that for many of those issues, the debtors essentially argue that the evidence could support a contrary determination. Those arguments turn on the credibility determinations made by the bankruptcy court, but the debtors have presented no reason to reverse those credibility determinations. It is not enough to argue that the bankruptcy court could have reached a different conclusion if it had believed the debtors' testimony. The bankruptcy court repeatedly found their testimony incredible on critical matters determinative of the issues on appeal. For instance, the bankruptcy court: (1) credited the testimony of the Trustee over that of the debtors in finding that the debtors received $180,000 more in officer loans from the corporation than they put into the corporation between October 1998 and August 1999; Bk. Ct. at 4–5; (2) held that the debtors were incredible in testifying that they did not know the financial statement was false and that the company receivables were collectible; Bk. Ct. at 9; (3) held that the debtors were not credible in their attempts to explain the financial decision to sell products at a 30% discount, and that they had the intent to deceive; Bk. Ct. at 9–10; (4) held that Mr. Hennings was not credible in explaining the losses suffered by the cor-

poration, the inventory discrepancies, and the financial decisions; Bk. Ct. at 13; (5) held that Mrs. Hennings was not credible in testifying that she did not understand what was going on. Bk. Ct. at 15. Those credibility determinations are well-supported by the record. For instance, the bankruptcy court held that Mrs. Hennings was incredible in testifying that she did not understand anything about the fictitious rebate accounts maintained in false names—including the names of her children. In making that credibility determination, the court noted that some of those rebate checks were made payable to Mrs. Hennings and sent directly to her, that Mrs. Hennings made all entries showing the deposits of the rebate checks in the debtors' personal checking account, and that she supplied financial information regarding the corporation to Dun & Bradstreet. That evidence amply supports the bankruptcy court's finding that she was incredible, and the other credibility determinations were similarly supported in the record. The district court properly upheld those credibility determinations, and rejected the legal arguments presented by the debtors.

For these reasons and the reasons set forth in the district court order of December 21, 2001, the decision of the district court, affirming the bankruptcy court's decision, is AFFIRMED.