**Leroy LOGAN, Plaintiff–Appellant,**

v.

**Jarrett BRIDGEMAN and Keith Eller, Defendants–Appellees.**

No. 02–3547.

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 12, 2003.*

Decided Aug. 14, 2003.

Before Hon. DANIEL A. MANION, Hon. ILANA DIAMOND ROVNER, and Hon. DIANE P. WOOD, Circuit Judges.

**ORDER**

Leroy Logan sued two Gary, Indiana, police officers under 42 U.S.C. § 1983, al-

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

leging that they had violated his civil rights by arresting him without a warrant or probable cause. At the conclusion of Logan's case-in-chief, the district court, sitting as trier of fact, granted the defendants' motion for judgment as a matter of law. *See* Fed.R.Civ.P. 52(c). Logan now appeals, but because he has failed to provide us with trial transcripts, we must dismiss his appeal. *See* Fed. R.App. P. 10(b)(2).

The record indicates that Logan was implicated in a rash of armed robberies that plagued Gary during the early fall of 1995. Detective Keith Eller, one of the defendants in this case, was assigned to investigate these robberies, including one committed at Miller Beach Pharmacy. On September 18, 1995, two male suspects robbed a McDonald's restaurant, and shortly thereafter three of the restaurant's employees identified Logan and the other suspect–Earl Ryan–from a photographic array. Based upon these identifications and other information, Eller suspected that Logan and Ryan were responsible for the series of robberies, and he dispatched Officer Jarrett Bridgeman to Ryan's home, where Bridgeman arrested the two men without a warrant. The next day, Logan was charged with the Miller Beach Pharmacy robbery, and on October 15, 1995, he was also charged with robbing the McDonald's. Logan eventually was charged with two more robberies, bringing the total to four. Following a 1997 jury trial, he was convicted of the McDonald's robbery. In a separate case, the three other robbery charges, including the one involving the robbery of the Miller Beach Pharmacy, were dismissed pursuant to the state's request. Logan then filed his complaint in this case, alleging that Bridgeman and Eller had arrested him without probable cause, in retaliation for a previous complaint he had made against the police department that led to an officer's dismissal.

Logan argues that the district court erred by granting judgment for the defendants at the close of his case because he had presented sufficient evidence that his arrest was without probable cause. But we cannot meaningfully review this argument because, without a trial transcript, we cannot verify Logan's claim that probable cause had not been demonstrated. *See LaFollette v. Savage*, 63 F.3d 540, 544 (7th Cir.1995). We are likewise unable to review Logan's argument that the court erred by not admitting his proffered exhibits because we have neither written orders nor transcripts of the court's rulings excluding his exhibits and quashing the subpoena of Judge Cantrell. Without a transcript, we can neither determine whether the court abused its discretion nor verify that Logan preserved his evidentiary arguments by properly objecting at trial. *See Richardson v. Henry*, 902 F.2d 414, 416 (5th Cir.1990).

The appellant is responsible for making sure that the appellate record contains everything needed for meaningful review. *Birchler v. Gehl Co.*, 88 F.3d 518, 519–20 (7th Cir.1996). We may dismiss an appeal when the appellant fails to provide relevant portions of the record, even when the appellant, like Logan, is proceeding *pro se. Woods v. Thieret*, 5 F.3d 244, 245–46 (7th Cir.1993). Logan did send a request for a copy of the trial transcript to the district court clerk, who informed him that he would have to pre-pay for the transcript. But he never paid to have the transcript prepared and the district court denied his motion to receive transcripts at no cost because his complaint did not present a "substantial question" under 28 U.S.C. § 753(f). Logan did not seek reconsideration or renew his motion to receive a copy of the transcript at no cost before this Court.

In any event our reading of the pretrial order suggests that Logan's theory of liability was not that he was arrested without probable cause to believe that he committed some crime but, instead, that he was arrested without probable cause to believe that he specifically robbed the Miller Beach Pharmacy. But Logan's arrest was valid as long as the officers reasonably believed, in light of the facts within their knowledge at the time, that he had committed or was about to commit an offense. *Whren v. United States,* 517 U.S. 806, 813–14, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). As far as we can tell, Logan never disputed that the Gary police officers had probable cause to arrest him for the McDonald's robbery. Detective Eller and Officer Bridgeman relied upon statements from witnesses to the McDonald's robbery, who identified Logan and his accomplice in a photograph array. Even one such credible identification is sufficient to establish probable cause. *See Woods v. City of Chicago,* 234 F.3d 979, 996 (7th Cir.2000); *United States v. Sheets,* 188 F.3d 829, 839 (7th Cir.1999); *Tangwall v. Stuckey,* 135 F.3d 510, 516–17 (7th Cir.1998). If Logan did not set out to prove that probable cause to arrest for the McDonald's robbery was lacking, his case could not possibly have survived Rule 52(c). *Whren,* 517 U.S. at 813–14.

DISMISSED.