Anthony WILLIS, Plaintiff–Appellant,

v.

Scott FREEMAN, et al., Defendants–Appellees.

No. 02–1757.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 18, 2003.*

Decided Nov. 20, 2003.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Anthony Willis, pro se, Lincoln, IL, for Plaintiff–Appellant.

Mara S. Georges, Office of the Corporation Counsel, Chicago, IL, for Defendants–Appellees.

Before POSNER, ROVNER, and EVANS, Circuit Judges.

### ORDER

Anthony Willis was on bond awaiting trial on state cocaine charges when in June 1996 Chicago police officers executing a search warrant caught him fleeing with 13 grams of crack from a bedroom where he left behind a sawed-off shotgun. Willis's bond was revoked, and more drug and weapons charges were added, but prosecutors ultimately sought a *nolle prosequi* dismissal of the new charges after citing the underlying conduct in aggravation at Willis's February 1998 sentencing for the original cocaine offense. Several months later Willis sued the City of Chicago, several police officers, and a prosecutor alleging under 42 U.S.C. § 1983 and state law that his rights were violated during the June 1996 arrest. The district court dis-

missed all but a § 1983 excessive-force claim against police officers Scott Freeman and Robert Pietrowski, whom Willis accused of striking him during the arrest. In March 2002 a jury found in favor of the officers on that claim. Willis, who is currently serving a 30–year term for his 1998 conviction, does not challenge the jury verdict but does contest rulings by the district court both before and during trial. We affirm.

■ Before turning to Willis's arguments about the trial itself, we first pause to address his contentions that the district judge should have awarded him a default judgment early in the litigation, or, barring that, recused herself from the case when it reached trial. As to the first contention, the district court indeed expressed dismay that the defendants failed to respond to Willis' complaint until five weeks after the court's previously extended deadline and almost two weeks after Willis had moved for a default. But we review a district court's handling of a default only for abuse of discretion, *see Davis v. Hutchins,* 321 F.3d 641, 646 (7th Cir. 2003); *Isby v. Clark,* 100 F.3d 502, 504 (7th Cir.1996), and have recognized that default judgments "are not favored," *Isby,* 100 F.3d at 504, and should be reserved for "extreme situations when other less drastic sanctions have proven unavailing." *Silva v. City of Madison,* 69 F.3d 1368, 1377 (7th Cir.1995). Thus, as was the case here, a district court may conclude in its discretion that a party's conduct was "hardly admirable" but still not the sort of "egregious conduct" that would warrant entering a default. *See In re Hall,* 304 F.3d 743, 748–49 (7th Cir.2002). We perceive no abuse of discretion.

■ Nor do we see any basis for the district judge to have recused herself in response to Willis's oral and written motions made after trial commenced. Willis's motions were premised entirely on his own belief that the judge's adverse rulings evidenced her bias, and regardless of whether we characterize the motions as having been made under 28 U.S.C. § 144 or § 455, that kind of speculative personal opinion was inadequate to obligate the court to further explore Willis's allegations. *See O'Regan v. Arbitration Forums, Inc.,* 246 F.3d 975, 988–89 (7th Cir. 2001). We presume that "judges rise above any potential biasing influences," *Tezak v. United States,* 256 F.3d 702, 718 (7th Cir.2001), and though adverse rulings like those Willis complains about may provide a basis for appeal, "judicial rulings alone almost never constitute a valid basis' for a recusal motion," *Grove Fresh Distrs., Inc. v. John Labatt,* 299 F.3d 635, 640 (7th Cir.2002) (quoting *Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)), *cert. denied,* 538 U.S. 907, 123 S.Ct. 1486, 155 L.Ed.2d 226 (2003). Willis's motions were properly denied.

■ The arguments that Willis makes about the trial of his excessive force claim against police officers Freeman and Pietrowski merit only brief mention. Willis complains that each officer should have been excluded from the courtroom while the other was testifying, but Willis apparently did not ask for exclusion, and regardless both officers were parties and had a right to be present for the entire trial. *See* Fed.R.Evid. 615. Willis also contends that the district court erred in admitting "fictitious" medical records and the "perjured" testimony of J. Rosek, apparently a police officer. But we lack both the exhibits and a trial transcript, so we have no means of evaluating Willis's concerns about the medical records or Rosek, who according to Willis, testified about Willis's lack of injuries after the June 1996 arrest. As the appellant, Willis is responsible for assuring that we have a complete record,

*Birchler v. Gehl Co.*, 88 F.3d 518, 519 (7th Cir.1996); *Trotter v. Klincar*, 748 F.2d 1177, 1184 n. 8 (7th Cir.1984), including a trial transcript and the exhibits. Fed. R.App. P. 10(b)(2); *see Birchler*, 88 F.3d at 519; *LaFollette v. Savage*, 63 F.3d 540, 544 (7th Cir.1995). Because we have neither, we deem Willis's arguments waived. *Learning Curve Toys, Inc. v. PlayWood Toys, Inc.*, 342 F.3d 714, 731 n. 10 (7th Cir.2003).

■ That leaves two other rulings by the district court at issue. First, Willis contends that the district court erred in dismissing his excessive-force claim against the other police officers who participated in executing the search warrant. But Willis's theory was that the other officers were liable for the conduct of Freeman and Pietrowski, who allegedly struck him in the course of arresting him. The jury's exoneration of those officers is enough to answer Willis's contention that others should be derivatively liable, even were that a viable theory. *See Gossmeyer v. McDonald*, 128 F.3d 481, 494 (7th Cir. 1997). But viable it is not. An individual defendant is liable only for his direct, personal wrongdoing. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Therefore, the district court correctly dismissed the other officers who were not directly involved in the alleged use of excessive force.

Willis's final challenge is to the district court's resolution of the other claims relating to the legality of his June 1996 arrest; Willis alleged that the arrest was tainted because the search warrant that led police to the house where he was found with the crack and shotgun was obtained without probable cause. Early on the district court had dismissed these other claims under FED. R. CIV. P. 12(b)(6), but then at trial permitted Willis to examine witnesses about the validity of the search warrant "in order to preserve the issue on appeal."

Willis, however, continued to pursue the matter in front of the jury, so ultimately the court invited the defendants to move under FED. R. CIV. P. 50(a)(1) for judgment as a matter of law on Willis's claims about the legality of his arrest. The court then granted the motion.

Ordinarily we would review *de novo* a ruling under Rule 50(a)(1), *see Appelbaum v. Milwaukee Metro. Sewerage Dist.*, 340 F.3d 573, 578 (7th Cir.2003), but here again Willis has waived his contention altogether by not providing a trial transcript, *see LaFollette*, 63 F.3d at 544–46; *Woods v. Thieret*, 5 F.3d 244, 245–46 (7th Cir.1993). Regardless, a court may render judgment as a matter of law when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." FED. R. CIV. P. 50(A)(1). What information we do have in the record reinforces the district court's conclusion that the search warrant was validly obtained and supported by probable cause, thereby precluding any § 1983 claims for unlawful arrest, false imprisonment, or malicious prosecution. *See Fernandez v. Perez*, 937 F.2d 368, 371 (7th Cir.1991). This argument, like Willis's others, is without merit.

AFFIRMED.