United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 2, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 03-30668

Summary Calendar

CROMPTON MANUFACTURING COMPANY INC

Plaintiff - Appellee

v.

PLANT FAB INC; GARY VENTRELLA

Defendants - Appellants

Appeal from the United States District Court
for the Middle District of Louisiana, Baton Rouge
No. 02-CV-947

Before KING, Chief Judge, and DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Defendants-Appellants Plant Fab, Inc. and Gary Ventrella appeal the district court's order permanently enjoining them from further prosecution of their claims against Plaintiff-Appellee Crompton Manufacturing Company arising out of an accident in Baton Rouge, Louisiana.  For the following reasons, we affirm.

---

[*]     Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

## I.   FACTUAL AND PROCEDURAL HISTORY

In July 1993, a tanker truck exploded in Baton Rouge, Louisiana, spilling a hazardous mixture of chemicals. Crompton Manufacturing Company, Inc.--then known as Uniroyal Chemical Company, Inc.--brought suit against various defendants to recover clean-up costs it incurred related to the accident. Uniroyal Chem. Co. v. Deltech Corp., No. 93-CV-998 (M.D. La. June 23, 1997), vacated in part, 160 F.3d 238 (5th Cir. 1998), modified on reh'g, 160 F.3d 258 (5th Cir. 1999).[1] A federal jury apportioned fault for the accident among four potentially liable parties. Crompton was found to be faultless.

On July 6, 1994, Plant Fab, Inc. and Gary Ventrella filed suit in Louisiana state court against various defendants--including Crompton--for damage to their facility caused by the explosion.[2] See Plant Fab, Inc. v. Uniroyal Chem. Co., No.

---

[1]   Crompton is correct to note that many of the judicial proceedings referenced by Plant Fab and Ventrella are not in the record and that "[a] court of appeals will not ordinarily enlarge the record on appeal to include material not before the district court." Kemlon Prods. & Dev. Co. v. United States, 646 F.2d 223, 224 (5th Cir. 1981). We may, however, take judicial notice of relevant state and federal proceedings. See United States v. Verlinsky, 459 F.2d 1085, 1089 (5th Cir. 1972) (taking judicial notice of "[t]he records of the district court and the court of appeals here involved"); Paul v. Dade County, 419 F.2d 10, 12 (5th Cir. 1969) (taking judicial notice of a prior state case, even though it "was not made part of the record on . . . appeal").

[2]   Plant Fab and Ventrella initially attempted to intervene in Uniroyal, but ultimately withdrew their motion to intervene and filed this separate suit.

2

26,042 (La. 18th Jud. Dist. Ct. filed July 6, 1994). Plant Fab and Ventrella settled their claims with all defendants save Crompton. Crompton removed the case to federal district court on October 7, 2002. The district court found that it did not have federal question jurisdiction and that removal based on diversity was untimely, and, therefore, remanded the case to state court for lack of subject-matter jurisdiction.

Also on October 7, 2002, Crompton brought this suit in federal court against Plant Fab and Ventrella for declaratory and injunctive relief. See Crompton Mfg. Co. v. Plant Fab, Inc., No. 02-947-B-M2 (M.D. La. Mar. 12, 2003). On June 17, 2003, the district court, after finding that it had both federal-question and diversity jurisdiction over the suit, entered judgment in favor of Crompton. The district court ruled that Plant Fab and Ventrella were collaterally estopped by the jury's liability determinations in Uniroyal, in addition to the settlement agreement between Plant Fab, Ventrella, and the Uniroyal defendants, from pursuing their claims against Crompton. Therefore, the district court permanently enjoined Plant Fab and Ventrella from continuing Plant Fab, their state-court suit. Plant Fab and Ventrella appeal the district court's decision to this court.

## II. DISCUSSION

### A. Standard of Review

We review a district court's factual determinations for clear error and we review its legal conclusions de novo. Peaches Entm't Corp. v. Entm't Repertoire Assocs., Inc., 62 F.3d 690, 693 (5th Cir. 1995). In particular, "[t]he application of collateral estoppel is a question of law that we review de novo." United States v. Brackett, 113 F.3d 1396, 1398 (5th Cir. 1997).

**B.   Analysis**

**1.   Rule 10 of the Federal Rules of Appellate Procedure**

Crompton contends that we should dismiss this appeal because Plant Fab and Ventrella violated Rule 10(b) of the Federal Rules of Appellate Procedure by not providing this court with the entire transcript of proceedings before the district court. While an appellant is not always required to provide a complete transcript of district court proceedings, see FED. R. APP. P. 10(b), the appellant does have a duty to provide those portions that are necessary for a meaningful review. Birchler v. Gehl Co., 88 F.3d 518, 519-20 (7th Cir. 1996). Crompton alleges that the materials provided by Plant Fab and Ventrella do not meet this requirement.

The record in this case is rather extraordinary, in that the only papers filed by Plant Fab and Ventrella with the district court were a motion for a status conference and a notice of appeal. In light of the dearth of written material in the record, it would have been helpful for Plant Fab and Ventrella to

4

have included a transcript of all proceedings before the district court. Nevertheless, the record provided by Plant Fab and Ventrella, which included a transcript of a status conference, provides us with sufficient material to rule on at least some of the issues presented by Plant Fab and Ventrella. See id. at 520 (holding that an appellant's failure to comply with Rule 10(b) did not preclude the court from a meaningful review of the merits of the appeal). Accordingly, dismissal on this basis is not required. See Gulf Water Benefaction Co. v. Pub. Util. Comm'n, 674 F.2d 462, 465-66 (5th Cir. 1982) (holding that an appellant's failure to comply with Rule 10 did not mandate dismissal of the appeal). We will, however, "necessarily limit the scope of our review to the available record." Bozé v. Branstetter, 912 F.2d 801, 803 n.1 (5th Cir. 1990).

Crompton also alleges that Plant Fab and Ventrella violated Rule 10(b)(3), which states that an appellant who does not order the entire transcript of the district court proceedings must "file a statement of the issues that the appellant intends to present on the appeal and must serve on the appellee a copy of both the order [placed with the court reporter for the partial transcript] and the statement [of issues]." According to Crompton, Plant Fab and Ventrella failed to provide Crompton with either a copy of the order or a statement of issues. Thus, Crompton urges this court to dismiss Plant Fab and Ventrella's appeal.

Crompton's assertion is well-taken; Plant Fab and Ventrella did apparently violate Rule 10(b). As we explained above, however, the materials provided by Appellants are sufficient for a review of at least some of the issues presented on appeal. In addition, Crompton has pointed to no portion of the transcript that it would have included had it been notified by Plant Fab and Ventrella that the entire transcript would not be made part of the record. Therefore, in this case, Plant Fab and Ventrella's violation of Rule 10(b) was harmless. See RecoverEdge L.P. v. Pentecost, 44 F.3d 1284, 1290 (5th Cir. 1995). For this reason, we decline to exercise our discretion to dismiss Plant Fab and Ventrella's appeal for violation of Rule 10(b). See id.

## 2. Jurisdiction

The district court based its jurisdiction over this suit both on the diversity of the parties, see 28 U.S.C. § 1332 (2000), and on the All Writs Act, see 28 U.S.C. § 1651 (2000). Plant Fab and Ventrella contend that both of these determinations were wrong. According to Plant Fab and Ventrella, the district court could not have had diversity jurisdiction because the very same district court, in a case involving the same parties and the same incident, found that it did not have subject-matter jurisdiction and remanded the case to state court. In addition, Plant Fab and Ventrella argue that the district court did not have federal-question jurisdiction because the All Writs Act

cannot provide the basis for such jurisdiction.

Section 1332 provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Crompton, in its amended complaint, alleged that the parties were diverse and that the amount in controversy exceeded $75,000. Thus, Crompton met its initial burden for establishing jurisdiction under § 1332. See Aetna Cas. & Sur. Co. v. Hillman, 796 F.2d 770, 775 (5th Cir. 1986) ("The party seeking to invoke the jurisdiction of the federal court has the burden of proving that jurisdiction exists."). On appeal, Plant Fab and Ventrella have not disputed the facts alleged in Crompton's complaint and have pointed to nothing in the record suggesting that Crompton's pleadings are erroneous. Indeed, Plant Fab and Ventrella never denied Crompton's allegations before the district court. Furthermore, our own search of the record on appeal has uncovered nothing that contradicts Crompton's allegations. Therefore, Crompton has met its burden of showing that the district court had diversity jurisdiction over this suit.

Still, Plant Fab and Ventrella contend that the district court's determination that it had jurisdiction must have been erroneous, since the court had previously remanded Plant Fab, which involved the same parties, for lack of subject-matter jurisdiction. The district court's conclusion in Plant Fab,

7

however, is not inconsistent with the district court's conclusion that it had jurisdiction here.

The district court remanded Plant Fab to the state court because (1) the petition for removal on the basis of diversity of citizenship was untimely under 28 U.S.C. § 1446(b) (2000) and (2) the district court did not have federal-question jurisdiction under the All Writs Act. See Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 33 (2002) ("Because the All Writs Act does not confer jurisdiction on the federal courts, it cannot confer the original jurisdiction required to support removal pursuant to § 1441."). Thus, timeliness of the removal petition, rather than the parties' failure to meet the requirements of § 1332, prevented the district court from exercising jurisdiction over Plant Fab on the basis of diversity. Here, by contrast, there is no timeliness issue. Furthermore, the uncontradicted evidence shows that the parties are diverse and that the amount in controversy exceeds $75,000. Thus, we conclude that the district court had subject-matter jurisdiction based on 28 U.S.C. § 1332.[3]

Because the district court had diversity jurisdiction, we

---

[3]    Plant Fab and Ventrella further argue that the district court should be found to lack jurisdiction because, otherwise, Crompton would be allowed to have its claims heard in federal court even though it did not timely remove the pending state-court suit. This argument is meritless. If the requirements of § 1332 are met, the district court has subject-matter jurisdiction, and (of course) § 1332 has no exception for cases where the party failed to timely remove a similar state-court case.

need not reach Plant Fab and Ventrella's argument that the district court lacked federal-question jurisdiction.

### 3. Full Faith and Credit and Collateral Estoppel

Plant Fab and Ventrella also argue that the district court erred by applying collateral estoppel to bar them from continuing their state-court suit against Crompton. First, Plant Fab and Ventrella contend that the district court violated the Full Faith and Credit Act, 28 U.S.C. § 1783 (2000), by applying collateral estoppel after the state court had denied Crompton's motion for summary judgment, which was based on Crompton's collateral estoppel theory. Second, Plant Fab and Ventrella maintain that the issues relied on by the district court in finding them collaterally estopped were not "fully and vigorously litigated" by the defendants in Uniroyal, as required by this circuit for application of collateral estoppel. See Gandy Nursery, Inc. v. United States, 318 F.3d 631, 639 (5th Cir. 2003).

On the record presented by Plant Fab and Ventrella, there is no indication that either of these issues was raised before the district court. In this circuit, we usually do not consider issues raised for the first time on appeal, absent "extraordinary circumstances." Vogel v. Veneman, 276 F.3d 729, 733 (5th Cir. 2002) (citation and internal quotation marks omitted). "Extraordinary circumstances exist when the issue involved is a pure question of law and a miscarriage of justice would result

9

from our failure to consider it." <u>Coggin v. Longview Ind. Sch. Dist.</u>, 337 F.3d 459, 469 (5th Cir. 2003) (citation and internal quotation marks omitted).  For example, we will consider an issue "when the asserted error is so obvious that the failure to consider it would result in a miscarriage of justice." <u>Id.</u> at 469-70  (5th Cir. 2003) (citation and internal quotation marks omitted).  Because we do not find such extraordinary circumstances to be present here, we decline to address these issues.

### III.    CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court enjoining Plant Fab and Ventrella from continuing to prosecute <u>Plant Fab, Inc. v. Uniroyal Chem. Co.</u>, No. 26,042 (La. 18th Jud. Dist. Ct. filed July 6, 1994).