**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted August 2, 2006[*]
Decided August 10, 2006

**Before**

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-3522

| | |
|---|---|
| JOSEPH R. RIVAS,<br>  *Plaintiff-Appellant,*<br><br>  *v.*<br><br>KELTON J. REITZ, et al.,<br>  *Defendants-Appellees.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division<br><br>No. 04 C 4000<br><br>David H. Coar,<br>*Judge.* |

**O R D E R**

Joseph Rivas appeals the district court's dismissal of his case for want of prosecution under Federal Rule of Civil Procedure 41(b).  Because Rivas has not adduced any proof that the district court abused its discretion in dismissing his case, we affirm.

---

[*] The appellees were not served with process in the district court and are not participating in this appeal.  After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the appellant's brief and the record.  *See* Fed. R. App. P. 34(a)(2).

In June 2004 Rivas sued over 20 defendants---including the City of Chicago, the Chicago Police Department, police officers, insurance companies, and his former landlords---under 42 U.S.C. § 1981, alleging that he was unlawfully removed from his apartment when he was arrested for criminal trespass in May 2002.  On November 10, 2004, Judge Coar denied Rivas's motion for a 90-day extension of time to serve defendants, explicitly warning Rivas that his case would be dismissed if he did not serve defendants by December 14, 2004.  The district court docket indicates that Rivas never served the defendants.  At a status hearing held on July 14, 2005, which Rivas neglected to attend, Judge Coar dismissed the case for want of prosecution.  Judge Coar dismissed the case "[f]or the reasons stated on the record." (Minute Order, July 14, 2005.)  The transcript of the July 14, 2005 status hearing during which Judge Coar articulated his reasons for dismissing the case is not in the record on appeal.

It is Rivas's burden to demonstrate that Judge Coar abused his discretion in dismissing the case.  *See Aura Lamp & Lighting, Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 907 (7th Cir. 2003) (dismissals for want of prosecution reviewed for abuse of discretion).  But Rivas has not provided this Court with a copy of the transcript of the status hearing where Judge Coar articulated his reasons for dismissing the case, which he was required to do under Federal Rule of Appellate Procedure 10. *See Birchler v. Gehl Co.,* 88 F.3d 518, 520 (7th Cir. 1996); *Fisher v. Krajewski*, 873 F.2d 1057, 1061 (7th Cir. 1989).  Nor has he even argued what the transcript would reveal.  Without any indication of the contents of the transcript, Rivas has therefore failed to show that the judge abused his discretion in dismissing the case.

AFFIRMED