# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 22, 2020

Lyle W. Cayce
Clerk

No. 20-20202

LUCIAN ARDELEAN,

*Plaintiff—Appellant*,

*versus*

WAL-MART, INCORPORATED,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-cv-120

Before CLEMENT, HO, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Lucian Ardelean appeals the summary judgment in favor of Wal-Mart.[1] We AFFIRM.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

[1] The defendant's full name is "Wal-Mart Stores Texas, LLC."

## I.

Ardelean, a truck driver, hurt his ankle during a delivery to Wal-Mart's distribution center in New Caney, Texas. While queued on Wal-Mart property, Ardelean jumped down from his truck to show some paperwork to Wal-Mart employees. In doing so, he stumbled on an uneven seam of pavement, sprained his ankle, and fell down.[2]

Ardelean filed negligence and premises liability claims against Wal-Mart in Texas state court. Wal-Mart timely removed the case on diversity grounds and later moved for summary judgment. The district court held a hearing on Wal-Mart's motion and evidently gave oral reasons for granting it. In its ensuing order entering final judgment, the court stated that summary judgment was granted for "the reasons set forth at the hearing."[3]

On appeal, Ardelean challenges summary judgment only as to his premises liability claim. Wal-Mart raised three independent grounds for summary judgment in the district court, all of which it presses on appeal.[4] Because we find Ardelean's claim fails on the first ground—whether the

---

[2] The incident was captured on video, which we have reviewed.

[3] Ardelean neglected to have the summary judgment hearing transcribed, depriving us of the benefit of the district court's reasoning. *See, e.g.*, *Crompton Mfg. Co. v. Plant Fab, Inc.*, 91 F. App'x 335, 338 (5th Cir. 2004) (per curiam) ("While an appellant is not always required to provide a complete transcript of district court proceedings, the appellant does have a duty to provide those portions that are necessary for a meaningful review.") (citation omitted). We are therefore limited to reviewing the existing record. Based on that review, we conclude summary judgment was warranted. We decline Wal-Mart's invitation to find that Ardelean violated Federal Rule of Appellate Procedure 10(b). *See* Fed. R. App. P. 10(b)(2) (requiring appellant to provide "a transcript of all evidence relevant to [a] finding or conclusion" in certain circumstances).

[4] Wal-Mart argued that (1) the condition of the property that caused Ardelean's injury was not "unreasonably dangerous," (2) even if it was, the condition was "open and obvious," and (3) Wal-Mart lacked actual or constructive notice of the condition prior to the injury.

uneven pavement was unreasonably dangerous—we need not consider the other two.

## II.

Summary judgment is warranted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "We review a grant of summary judgment *de novo*, viewing all evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. Questions of law are reviewed *de novo*." *Kariuki v. Tarango*, 709 F.3d 495, 501 (5th Cir. 2013) (cleaned up).

## III.

Under Texas law, "[a] claim against a property owner for injury caused by a condition of real property generally sounds in premises liability." *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 642 (Tex. 2016). A threshold legal question is whether a landowner has a "duty with respect to those who enter the property." *Id.* at 644; *see also Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996) ("The existence of a duty is a question of law for the court to decide from the facts surrounding the occurrence . . . ."). "When the injured person qualifies as an invitee"—like Ardelean[5]—"then as a general rule the landowner owes a 'duty to make safe or warn against any concealed, unreasonably dangerous conditions of which the landowner is, or reasonably should be, aware but the invitee is not.'" *Hillis v. McCall*, 602 S.W.3d 436, 440 (Tex. 2020) (quoting *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 203 (Tex. 2015), *reh'g denied* (June 12, 2020)).

Only unreasonably dangerous conditions give rise to premises liability. While property owners must "exercise ordinary care to keep [their] premises

---

[5] An invitee is a person who "enters the property of another 'with the owner's knowledge and for the mutual benefit of both.'" *Motel 6 G.P., Inc. v. Lopez*, 929 S.W.2d 1, 3 (Tex. 1996) (quoting *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 536 (Tex. 1975)).

in a reasonably safe condition," *Seideneck v. Cal Bayreuther Assocs.*, 451 S.W.2d 752, 754 (Tex. 1970), Texas follows the established common law principle that "an owner or possessor of property is not an insurer of the safety of those on the premises," *Mellon Mortg. Co. v. Holder*, 5 S.W.3d 654, 658 (Tex. 1999) (cleaned up). Merely because a condition causes an injury does not make it unreasonably dangerous. *See Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406, 408 (Tex. 2006) ("A condition is not unreasonably dangerous simply because it is not foolproof."). Therefore, a plaintiff "must establish that the premises owner knew or should have known of a dangerous condition on the premises that presented an unreasonable risk of harm." *Brinson Ford, Inc. v. Alger*, 228 S.W.3d 161, 162 (Tex. 2007) (per curiam); *see also CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000). An unreasonable risk is one that poses foreseeable harm. *See Seideneck*, 451 S.W.2d at 754 (asking whether "there is a sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen") (citing, *inter alia*, RESTATEMENT (SECOND) OF TORTS § 283 (1965)).

Applying these principles, we conclude that the uneven pavement at issue did not present an unreasonably dangerous condition. As the cause of his injury, Ardelean points to a less-than-one-inch difference between two sections of pavement.[6] Ardelean argues this small seam qualifies as unreasonably dangerous, or at least presents a fact dispute defeating summary judgment. He relies heavily on a decision from a Texas appellate court involving a small gradient in a sidewalk, *Cohen v. Landry's Inc.*, 442 S.W.3d 818 (Tex. App.—Houston [14th Dist.] 2014, pet. denied), arguing the case means that "a difference in elevation of less than an inch between sections of a walking surface is, as a matter of law, *not* 'not unreasonably

---

[6] The record contains photos of the pavement, which we have reviewed.

dangerous.'" But, as Wal-Mart correctly argues, *Cohen* is distinguishable in several ways.

To begin with, *Cohen*'s setting is quite different. *Cohen* involved a small elevation change in a sidewalk outside a restaurant just off a boardwalk, a location Wal-Mart's brief aptly describes as a "tourist destination." Someone strolling from a boardwalk into a restaurant has expectations different from someone on the grounds of a Wal-Mart distribution center, an industrial-scale commercial facility "that greets thousands of enormous trucks full of merchandise every year." Moreover, the "magnitude of the burden of guarding against the injury" in *Cohen* was dramatically lower than in this case. *See Golden Spread Council, Inc. No. 562 of Boy Scouts of Am. v. Akins*, 926 S.W.2d 287, 289–90 (Tex. 1996). Asking a restaurateur to level a small section of sidewalk outside its front door (or at least to warn patrons about the hazard) is worlds away from requiring Wal-Mart to eliminate less-than-one-inch imperfections in the driving and parking areas of a 1.1 million-square-foot facility not frequented by the general public. *Cohen* does not justify charging a premises owner with such heightened duty of care.

Furthermore, the *Cohen* plaintiff presented expert evidence showing that the elevation change at issue—a "small abrupt rise[] in [a] walking surface"—was "difficult to see." 442 S.W.3d at 828. Thus, the sidewalk "creat[ed] a significant trip and fall hazard for pedestrians walking along the sidewalk." *Id.*; *see also id.* (referencing expert testimony that "[s]mall abrupt changes in elevation . . . in [an] exterior concrete walkway . . . have long been recognized in . . . authoritative safety literature as presenting a serious and unreasonable risk of pedestrian missteps and falls"). Ardelean produced no similar evidence here. That is, he presented no evidence (expert or otherwise) to establish that the minor seam in the distribution facility pavement "created a significant trip and fall hazard" for those persons, like Ardelean, who typically use the facility.

In sum, we conclude that the uneven pavement at issue was not an unreasonably dangerous condition and that Wal-Mart owed no applicable duty of care to Ardelean under Texas law.

AFFIRMED.