United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 26, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30465
(Summary Calendar)
_____

JANICE BONNER DAVIS,

                    Plaintiff-Appellant,

     v.

DEPARTMENT OF HEALTH AND HOSPITALS,

                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:03-cv-00356-JVP-CN

_____

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Plaintiff-Appellant Janice Bonner Davis brought federal and
state law claims of employment discrimination against Defendant-
Appellee Department of Health and Hospitals ("DHH") in Louisiana
state court.  Specifically, Davis alleged that she was denied a
promotion[1] in 2001 based on her membership in a labor union, in
violation of the Louisiana Constitution, and was denied the same

---

     [*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIRCUIT
RULE 47.5.4.

     [1] The relevant promotion was for the position of Assistant
Director of Nursing.

promotion in 2002 because of her race and gender, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. The DHH removed the case to federal court. Davis then voluntarily amended her petition, deleting her federal claims, and moved to remand the case to state court. The district court denied the motion to remand, and the case proceeded to trial. After judgement was entered in accordance with a jury verdict in favor of the DHH, Davis appealed the district court's refusal to remand.

The primary dispute between the parties pertains to the district court's exercise of jurisdiction over Davis's state law claim. 28 U.S.C. § 1441(a) permits removal of actions of which the United States district courts have original jurisdiction. § 1441(a); *Melder v. Allstate Corp.*, 404 F.3d 328, 335 (5th Cir. 2005). "We review a district court's determination of the propriety of removal de novo." *State of Texas v. Walker*, 142 F.3d 813, 816 (5th Cir. 1998). The propriety of removal is determined by looking to the plaintiff's complaint as it existed in state court at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

At the time of removal, Davis's complaint included a federal discrimination claim under 42 U.S.C. § 2000e-2(a)(1) and a state law discrimination claim, which alleged a violation of LA. CONST. art. X § 10(a)(3). We have held that a federal claim, "though

2

[later] abandoned, permits a district court to exercise supplemental jurisdiction over remaining state claims." *McGowin v. ManPower Int'l, Inc.*, 363 F.3d 556, 558 n.1 (5th Cir. 2004); *accord Mathis v. Exxon Corp.*, 302 F.3d 448, 452 & n.2 (5th Cir. 2002)(concluding that abandonment of the federal, jurisdiction-conferring claims did not divest the district court of jurisdiction over supplemental state claims); *see* 28 U.S.C. § 1367(a). The federal district court had supplemental jurisdiction over Davis's state claim if it formed part of the same case or controversy under Article III of the United States Constitution as Davis's Title VII claim. 28 U.S.C. § 1367(a). Two claims form part of the same case or controversy when they derive from a common nucleus of operative fact. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-66 (1997); *see State Nat'l Ins. Co. Inc. v. Yates*, 391 F.3d 577, 579 (5th Cir. 2004).

Davis's state law claims are supplemental to her federal claim, and the district court had jurisdiction to hear the case. The state and federal claims derive from a common nucleus of operative fact, as a substantial number of factual issues are common to both claims. *See Fla. E. Coast Ry. Co. v. United States*, 519 F.2d 1184, 1194 (5th Cir. 1975); *see also Palmer v. Hosp. Auth. of Randolph County*, 22 F.3d 1559 1563-64 (11th Cir. 1994). Both Davis's state and federal claims involve evidence of

3

the application process and the qualifications required for the position of Assistant Director of Nursing, the factors that the DHH considered in evaluating applicants for promotion to the position, and the qualifications of other applicants relative to Davis. Facts relating to Davis's education, period of employment, work experience, and her performance on formal and informal reviews are relevant to both claims. Davis's claims are so intertwined that they form part of the same case or controversy. *See Voelker v. Porsche Cars N. Am., Inc.*, 353 F.3d 516, 522 (7th Cir. 2003).

"[A] district court has discretion to remand a properly removed case to state court when all federal-law claims have been eliminated and only [supplemental] state-law claims remain." *Jones v. Roadway Express, Inc.*, 936 F.2d 789, 792 (5th Cir. 1991). Davis argues that the district court erred in refusing to remand the case to state court after she dismissed her federal claim. We review the district court's denial of Davis's motion to remand for abuse of discretion. *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992). In determining whether to retain jurisdiction over state claims, a court should consider judicial economy, convenience and fairness to the litigants, and comity with state courts. *Id.* Given the absence of any complex or novel issues of state law and the significant time and resources then already devoted to this case,

4

the district court did not err in its refusal to remand.

AFFIRMED.