NOT RECOMMENDED FOR PUBLICATION
File Name: 07a0100n.06
Filed: February 8, 2007

No. 06-3224

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

CHRIS REMINDER, et al.,

      Plaintiffs,

DAVID NOWAKOWSKI,

      Plaintiff-Appellant,

        v.

ROADWAY EXPRESS, INC., formerly known as
Yellow Roadway Corporation,

      Defendant-Appellee.

On Appeal from the United
States District Court for the
Northern District of Ohio

_____/

**Before:**    **GUY, SUHRHEINRICH, and GRIFFIN, Circuit Judges.**

**PER CURIAM.**    In 2003, defendant Roadway Express, Inc., enacted a plan to reduce the size of its workforce. As a result of this plan, a number of employees lost their jobs. Four of the defendant's former employees brought an action of age discrimination in federal district court. The district court denied defendant's motion for summary judgment as to three of the plaintiffs, but granted defendant's motion for summary judgment as to plaintiff David Nowakowski. Plaintiff Nowakowski now appeals and raises two issues: (1) whether the district court erred in granting summary judgment as to plaintiff's disparate

treatment claim, and (2) whether the district court erred in finding that plaintiff failed to plead a disparate impact claim. Although we do not agree with all of the district court's analysis, we conclude nonetheless that summary judgment was properly granted to the defendant and affirm

## I.

Plaintiff David Nowakowski was hired by defendant Roadway in 1976. In 2003, Roadway Vice President of Sales Craig Tallman began considering the restructuring of Roadway's marketing department. In the summer of 2003, Tallman assigned Sarah Drazetic and Jim Ferguson to research the advisability of the restructuring. Tallman also began to personally explore the restructuring of the sales department. At some point during the summer of 2003, and based on Drazetic's and Ferguson's research, Tallman decided to move forward with the restructuring of the marketing department, and similarly moved forward with the restructuring of the sales department. Roadway completed its restructuring on September 29, 2003. The restructuring resulted in the release of eighteen employees from the marketing department[1] and four employees from the sales department,[2] including plaintiff. At the time he was let go, plaintiff David Nowakowski was 50 years old, had

---

[1]There were a total of 55 employees in the marketing department. Twenty-one of these employees were less than 40 years old, and 34 were 40 years old or older. Of the 21 who were less than 40 years old, 17 were retained and 4 were terminated. Of the 34 who were 40 years old or older, 20 were retained and 14 were terminated.

[2]There were a total of 52 employees in the sales department. Five of these employees were less than 40 years old, and 47 were 40 years old or older. Of the 5 who were less than 40 years old, all five were retained and none were terminated. Of the 47 who were 40 years old or older, 43 were retained and 4 were terminated.

worked at Roadway nearly 30 years, and currently worked in the sales department as the director of third party logistics.

On February 4, 2005, plaintiff Nowakowski and three other plaintiffs filed a complaint against defendant Roadway alleging age discrimination. Defendant filed a motion for summary judgment which was granted as to Nowakowski, and this appeal followed.

## II.

### A.    Standard of Review

We review *de novo* a district court's grant of summary judgment as well as its findings regarding matters of law. *McKee v. Cutter Labs., Inc.*, 866 F.2d 219, 220 (6th Cir. 1989). Summary judgment is appropriate when there are no genuine issues of material fact and when the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). On summary judgment, the district court is required to draw all reasonable inferences in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

### B.    Disparate Treatment Claim

The parties agree that plaintiff's claim of age discrimination under the Age Discrimination in Employment Act (ADEA) should be analyzed pursuant to the *McDonnell-Douglas* burden-shifting framework. *See O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 310-13 (1996) (modifying the *McDonnell-Douglas* framework). Pursuant to this framework, a plaintiff establishes a prima facie case of age discrimination by showing: "(1) that he is a member of a protected class; (2) that he applied for a job and was rejected; (3) that he was qualified for the job; and (4) that the employer continued to seek job applicants

after the plaintiff was rejected." *Barnes v. GenCorp Inc.*, 896 F.2d 1457, 1464 n.6 (6th Cir. 1990). In a reduction-in-force (RIF) case, such as the present case, the framework is modified so that instead of needing to satisfy the fourth prong, a plaintiff must present "additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons." *Id*. at 1465.

Once a plaintiff has satisfied his burden of establishing a prima facie case, "the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *Id*. at 1464 (internal quotation marks omitted). "[S]hould the defendant carry this burden, the plaintiff must then have the opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Id*.

In the present case, plaintiff's claim of disparate treatment age discrimination fails for a number of reasons. First, Nowakowski failed to establish a prima facie case. It was his burden to present direct, circumstantial, or statistical evidence that he was discharged for impermissible reasons, which he failed to do. There was no direct evidence that he was terminated because of his age, and any circumstantial evidence presented only pertained to the marketing department and not the sales department—the department in which he was employed. Similarly, the statistical evidence presented only pertained to the marketing department and not the sales department.

Additionally, even if we were to accept that plaintiff established a prima facie case, we nevertheless find that defendant had legitimate non-discriminatory reasons for

terminating plaintiff. Defendant explained that Nowakowski's position was eliminated because fellow employee George Kudlacik performed similar work and had the capacity to absorb Nowakowski's job functions. Additionally, as the district court noted in its opinion, plaintiff's replacement "was both older and superior to Nowakowski." Accordingly, the district court reasoned that these facts undercut plaintiff's claim of age discrimination.

Plaintiff argues that the district court erred in considering the age and qualifications of Nowakowski's replacement and asserts that replacement is irrelevant in a reduction-in-force case. We disagree. The district court's consideration of Nowakowski's replacement was proper because it provides evidence that defendant was not merely firing older workers, regardless of qualification, but was instead considering the relative qualifications of the workers in order to determine whom to let go. Therefore, the district court's consideration of plaintiff's replacement was not improper because it was relevant to the question of whether defendant had a legitimate non-discriminatory reason for terminating plaintiff.[3]

Lastly, we find that plaintiff failed to satisfactorily show that defendant's legitimate non-discriminatory reason for terminating plaintiff was merely a pretext for his termination. For these reasons, we agree with the district court's conclusion that summary judgment was appropriate as to plaintiff's claim for disparate treatment age discrimination.

---

[3]Plaintiff also argues that "because the District Court rejected Roadway's legitimate non-discriminatory reasons for the terminations, at this point summary judgment should have been denied." Plaintiff is correct that the organization of the district court's opinion gave the appearance that the district court had found that defendant had offered no legitimate non-discriminatory reasons for terminating any of the plaintiffs. We believe, however, that the district court's consideration of Nowakowski's replacement—though included in the section entitled "pretext"—was actually a consideration of defendant's legitimate non-discriminatory reasons for terminating plaintiff. Though perhaps the district court could have organized its opinion differently in order to be more clear, we do not think that it erred in its conclusion to grant defendant's motion for summary judgment as to plaintiff Nowakowski.

## C.    Disparate Impact Claim

The district court also concluded that plaintiff[4] failed to plead a disparate impact claim.  Paragraph 28 of plaintiff's amended complaint stated:  "A disparate proportion of those employees terminated from the marketing and sales departments on or about September 26 and 29, 2003 . . . were over forty years of age compared to those retained."  Plaintiff asserted to the district court that this statement supported both a claim for disparate treatment and a claim for disparate impact.  The district court disagreed and concluded that plaintiff's complaint only supported a claim for disparate treatment.  Plaintiff appeals the district court's ruling and argues that the district court should have permitted its claim of disparate impact to proceed in accord with the liberal pleading requirements of the Federal Rules of Civil Procedure.

Plaintiff argues that under the federal rules, all that is required is a "short and plain statement of the claim" which will give defendant a "fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (internal quotation marks omitted).  Additionally, plaintiff relies on FED. R. CIV. P. 8(f), which states that "[a]ll pleadings shall be so construed as to do substantial justice."

Notwithstanding the liberal pleading rules, we agree with the district court's conclusion that plaintiff's complaint did not plead a claim for disparate impact.  The district court properly noted that the difference between disparate treatment and disparate impact is

---

[4]The district court's ruling as to the disparate impact claim applied to all four plaintiffs.  Plaintiff David Nowakowski is the only one of the plaintiffs appealing the court's ruling.  The other three plaintiffs' claims have since been settled.

that with a disparate impact claim, the plaintiff need not prove discriminatory intent but must demonstrate the "existence of an employment practice which, although neutral on its face, has the effect of disproportionately affecting persons in a legally protected group." *Abbott v. Fed. Forge, Inc.*, 912 F.2d 867, 872 (6th Cir. 1990) (citation omitted). Next, the district court explained why plaintiff's complaint failed to properly plead a disparate impact claim:

> Clearly, the plaintiffs state a disparate treatment claim, in that they allege that the defendant terminated them on the basis of age. The plaintiffs do not, in contrast, allege that the defendant's reduction in force was a neutral practice that merely resulted in a disproportional number of older employees being terminated. The Court thus finds that the plaintiffs have not plead a disparate impact claim.

We find that the district court's analysis was sound and in accord with the federal rules.

**AFFIRMED**.