# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20616
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 11, 2014

Lyle W. Cayce
Clerk

JULIANNA D. SLOVENSKY,

Plaintiff - Appellant

v.

FLUOR CORPORATION; FLUOR ENTERPRISES, INCORPORATED,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-1019

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

A jury found against Plaintiff-Appellant Julianna D. Slovensky on her Title VII gender discrimination claims against her former employer, Defendant-Appellee Fluor Enterprises, Inc., and its parent, Defendant-Appellee Fluor Corporation. Slovensky challenges the district court's ruling allowing evidence that she was less qualified, less experienced, and ranked

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20616

lower on an internal metric than her colleagues at Fluor Enterprises, Inc.  For the following reasons, we AFFIRM.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff-Appellant Julianna D. Slovensky filed suit in district court against Fluor Enterprises, Inc. and its parent, Fluor Corporation (collectively "FEI"), engineering, procurement, construction, maintenance, and project management companies.  She alleged that FEI engaged in discriminatory employment practices in violation of Title VII by: retaliating against her for filing a complaint with her human resources department, terminating her based on her gender, and denying her reassignment to other opportunities with FEI because of her gender.

Slovensky began working for FEI in August 1979, and held several finance positions within the company's project business services department. In December 2009, Slovensky was notified that she was scheduled for termination as part of a reduction in FEI's workforce.  Around that time, Slovensky was notified of potential opportunities with FEI's Government Group in Iraq, Afghanistan, and Haiti.  Slovensky expressed interest in the positions.[1]  In her amended complaint, Slovensky alleged that her supervisor informed her that her prospects for the international opportunities "didn't look good," and "indicated she might not be a good fit for these projects because she was 'high maintenance.'"  FEI presented evidence at trial that the positions for

---

[1] Slovensky alleged in her amended complaint that she "applied and was considered for" the international positions, and stated in a declaration that she submitted a résumé for the positions.  She also indicated in the declaration that she had "never been required by anyone at Fluor to submit an application for employment in order to transition to a new project."  FEI contended that Slovensky did not apply for the positions, and asserted that it had no record of her ever submitting any application.

which Slovensky qualified were canceled, and never materialized.    FEI terminated Slovensky in January 2010.

Slovensky filed suit in April 2012.    Prior to trial, both parties filed motions *in limine*.  Slovensky sought, *inter alia*, to exclude evidence that she "[w]as less qualified than her colleagues," "[w]as ranked lower than her colleagues" on FEI's internal metric, and "[w]as less experienced than her colleagues" ("comparative evidence").    During oral argument on the motions, FEI asserted that "Ms. Slovensky was selected [for layoff] in part because she was the lowest ranked of her peers."    FEI argued that "in making the decision as to who among the available employees to lay off, the employer necessarily makes comparative judgments."    The court issued an order on July 2, 2013, overruling without comment Slovensky's motion with respect to excluding the comparative evidence.

During the jury trial, FEI presented evidence establishing that its practice in conducting reductions in force was to use a ranking system.  Amy Freeman, Senior Human Resources Manager, testified that FEI performs its ranking process on its employees twice a year.  The process takes account of several factors, including feedback from project leaders and the employee's manager, and provides "a snapshot of an employee compared to [her] peers." Freeman testified that the "ranking is specifically used to compare the qualifications of a group of peers [so] that, if we were faced with a layoff situation, . . . we would have an objective document to go by to say the people at the top would be the most highly qualified employees and the people at the bottom would be the lesser qualified employees."  Ivan Harper, the supervisor who selected Slovensky for layoff, testified that he considers the rankings and FEI's future business needs in determining whom to layoff during a reduction

in force.  He also testified that none of the potential finance positions in Haiti, Afghanistan, or Iraq "ever materialize[d]."

The jury found that Slovensky did not establish that FEI failed to select her for one of the international positions because of her gender.[2]  The court entered a take-nothing judgment, which Slovensky timely appealed.

## II.    STANDARD OF REVIEW

"We review a district court's evidentiary rulings for abuse of discretion, subject to harmless-error analysis."  *United States v. Girod*, 646 F.3d 304, 318 (5th Cir. 2011) (internal quotation marks omitted).  "The admission of evidence is reversible error only when the defendant's rights were 'substantially prejudiced' by the admission."  *United States v. Umawa Oke Imo*, 739 F.3d 226, 238 (5th Cir. 2014) (quoting *Girod*, 646 F.3d at 318).  "In deference to a district court's familiarity with the details of the case and its greater experience in evidentiary matters, courts of appeals afford broad discretion to a district court's evidentiary rulings."  *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008).

## III.    ANALYSIS

FEI contends that Slovensky waived her right to challenge the admissibility of the comparative evidence by not objecting when the evidence was admitted at trial.  Slovensky responds that Federal Rule of Evidence 103 provides that the district court's ruling on the motion *in limine* preserves the

---

[2] The jury also found that Slovensky failed to prove: that FEI denied her the opportunity to be placed on Leave of Absence Awaiting Assignment status because of her gender; that FEI did not select Slovensky for an international position because she had engaged in protected activity; and that FEI denied her an opportunity to be placed on Leave of Absence Awaiting Assignment because she engaged in protected activity.  Slovensky submitted a proposed jury question concerning whether FEI "terminated her employment because of her gender," and FEI submitted a proposed question concerning whether "FEI selected her for layoff because of her gender," but neither question was submitted to the jury.

issue for appeal. *See* Fed. R. Evid. 103(b); *Mathis v. Exxon Corp.*, 302 F.3d 448, 459 n.16 (5th Cir. 2002). *But see Foradori v. Harris*, 523 F.3d 477, 507 n.26 (5th Cir. 2008); *C.P. Interests, Inc. v. Cal. Pools, Inc.*, 238 F.3d 690, 701 (5th Cir. 2001). We do not resolve this issue because, even assuming the argument is not waived, Slovensky's claim nonetheless fails.[3]

Slovensky argues that the district court abused its discretion by admitting the comparative evidence because such evidence was "irrelevant and unfairly prejudicial." She contends that the district court admitted the evidence "despite the fact that Mrs. Slovensky had not challenged her treatment relative to her colleagues since they had not applied for placement on the[] [international] assignments" in which Slovensky expressed interest.

Slovensky's conclusory arguments are unpersuasive. FEI's defense to Slovensky's claim of gender discrimination was that it had a legitimate reason for her termination that was not based on her gender: a reduction in force. FEI asserts that it selected Slovensky for layoff because of "her qualifications and experience relative to her similarly-situated co-workers," and presented evidence to this effect. FEI also asserted that it was not able to transfer

---

[3] FEI also contends that we should dismiss the appeal based on Slovensky's failure to comply with Rule 10 of the Federal Rules of Appellate Procedure. Rule 10(b)(3) requires that if an appellant chooses not to include the entire transcript on appeal, she must file a statement of the issues she intends to present on appeal and serve a copy on the appellee. "The failure of an appellant to provide a transcript is a proper ground for dismissal of the appeal." *RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284, 1289 (5th Cir. 1995) (internal citation and quotation marks omitted). "However, such a dismissal is within our discretion." *Id.* Here, Slovensky included in the record the transcripts from two of the four days of trial, as well as, in a supplemental filing, the transcript of the pretrial hearing concerning the motions *in limine*. FEI argues that Slovensky's "failure to provide a complete trial record prevents this Court from reviewing the claimed improper admission of evidence at trial." We conclude that the materials Slovensky provided are sufficient to review the issues presented on appeal. Therefore, we decline to exercise our discretion to dismiss the appeal for violation of Rule 10(b). *See id.* at 1290; *see also Crompton Mfg. Co. Inc. v. Plant Fab, Inc.*, 91 F. App'x 335, 338–39 (5th Cir. 2004) (unpublished).

Slovensky to another position, including an international one, because no position appropriate for someone of her job position and grade became available. Given the nature of Slovensky's gender discrimination claim, FEI's defense, and FEI's system of implementing its reduction in force based in part on its employee rankings, the comparative evidence was both relevant and probative. *See, e.g.*, *Reminder v. Roadway Express, Inc.*, 215 F. App'x 481, 484 (6th Cir. 2007) (unpublished) (holding that district court's consideration of the qualifications of the plaintiff's replacement "was proper because it provides evidence that defendant was not merely firing older workers, regardless of qualification, but was instead considering the relative qualifications of the workers in order to determine whom to let go"); *Davis v. Dep't of Health & Hosps.*, 195 F. App'x 203, 205 (5th Cir. 2006) (unpublished) (noting that plaintiff's Title VII and related claims "involve evidence of . . . the qualifications of other applicants relative to [plaintiff]").

Slovensky does not argue why the probative value of the comparative evidence was "substantially outweighed" by any of the dangers identified in Federal Rule of Evidence 403, and we see no reason why it was. *See* Fed. R. Evid. 403. Slovensky fails to establish why the comparative evidence was "unfairly prejudicial" in any way.

Slovensky also contends that the district court improperly applied a *per se* rule in declining to exclude the comparative evidence, in contravention of *Mendelsohn*, 552 U.S. at 387. The district court's order denying Slovensky's motion to exclude the comparative evidence does not suggest that the court applied a *per se* or blanket rule. Slovensky provides no support for this allegation, and we find none in the record.

Therefore, we conclude that the district court did not abuse its discretion in refusing to exclude the comparative evidence.

## IV.   CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.